IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROT VAN NGUYEN, | ) | No. C 12-0616 LHK (PR) |
| Petitioner, | ) ) | ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL |
| vs. | ) ) | |
| GARY S. SANDOR, Warden, | ) ) | |
| Respondent. | ) ) | (Docket No. 16) |

Petitioner, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 9, 2012, the Court ordered Respondent to show cause why a writ of habeas corpus should not be granted. (Docket No. 5.) On September 5, 2012, Respondent filed an answer to the order to show cause. (Docket No. 9.)

Petitioner has filed a request for appointment of counsel. However, the Sixth Amendment right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). While 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner if "the court determines that the interest of justice so require," the courts have made appointment of counsel the exception rather than the rule. Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).

At this time, appointment of counsel is not mandated, and the interests of justice do not

Order Denying Request for Appointment of Counsel
G:\PRO-SE\SJ.LHK\HC.12\Nguyen616denyatty.wpd

require appointment of counsel. Accordingly, the Petitioner's request is DENIED. This denial is without prejudice to the Court's *sua sponte* reconsideration should the developments of this case dictate otherwise.

This order terminates docket no. 16.

IT IS SO ORDERED.

DATED: 10/9/12

*Lucy H. Koh*
LUCY H. KOH
United States District Judge